OPINION OF THE COURT
William H. Bristol, J.
"There are no suck f-g signs posted anywhere”. So wrote George Morgenstern on a parking ticket which he returned by mail to the Parking Violations Bureau along with his guilty plea and check for the amount of the fine. For this, he has been charged with aggravated harassment in the second degree, a misdemeanor, in violation of section 240.30 (1) of the Penal Law on an information signed by an employee of the Parking Violations Bureau who happened to receive this piece of mail.
The defendant has moved to dismiss this criminal information. He claims that it is unconstitutional as it is applied to him and that it lacks sufficient factual allegations to support the charge.
*862 The People oppose the motion.
Citizen protest of governmental policy and State action is an essential element of our democracy.
We have grown strong as a free society because of words of protest — the words of Thomas Paine and Thomas Jefferson, of Abraham Lincoln and Frederick Douglass, of Susan B. Anthony and Dr. Martin Luther King. Our Constitution has continually protected words of protest, even if they were imprudent, thoughtless, tasteless or just plain angry, so long as they were not legally obscene, or "fighting words” and did not intrude into the privacy of one’s home. (Cohen v California, 403 US 15, 20-21 [1971] [Harlan, J.].)
Mr. Morgenstern’s words, as set out in the criminal information, were protesting ones. He was angry. So much so that he misspelled "such” apparently focusing angrily on the word that was to follow. But, his words were not legally obscene (see, Cohen v California, supra, at 20-21; see also, Roth v United States, 354 US 476 [1957]; Papish v University of Mo. Curators, 410 US 667 [1973]). His words were not "fighting words”. (Chaplinsky v New Hampshire, 315 US 568 [1942].) His words did not intrude into the privacy of the complainant’s home — rather they were received in a government office.
Thus, this court agrees that Mr. Morgenstern’s protest was constitutionally protected. The mere fact that the receiver of this written communication found its words "annoying” is not enough to bring it within Penal Law § 240.30. Indeed, "[t]he freedom of individuals verbally to * * * challenge [official] action [even to the point of being annoying] * * * is one of the principal characteristics by which we distinguish a free nation from a police state.” (City of Houston v Hill, 482 US 451, 107 S Ct 2502, 2510 [1987].) As this court has written in People v Malausky (127 Misc 2d 84, 86): "In a free society, such as ours, citizens are subjected to a degree of annoying behavior which, most likely, in a police State would not be tolerated. But merely because a person behaves in an immature, immoderate, rude or patronizing manner which annoys another is not enough to cause the actor to suffer criminal sanctions.” We who work in government, be we duly elected public officials or duly appointed public servants, must expect that a certain degree of disdain for government will be expressed to us by citizens. After all, we are employed by these citizens. They are our sovereigns. That our employers may express themselves either verbally or in writing in an immoderate way is pro *863 tected behavior under our Federal and State Constitutions. It must remain such if we are to continue to be a free and strong democracy.
For the foregoing reasons, the court concludes that the written communication of Mr. Morgenstern was constitutionally protected in general, and, in specific, that the facts alleged fail to support or tend to support the charge. Therefore, the charge must be and hereby is dismissed because the statute is unconstitutional as applied to this defendant and, in any event, the accusatory instrument is defective as a matter of law.